Fecteau, J.
On December 30, 2003, this court filed its Findings of Fact, Rulings of Law and Order for Judgment in connection with the above-captioned matter that had been the subject of a non-jury trial [17 Mass. L. Rptr. 394). On January 22, 2004, the defendant Linda Varney filed the above-referenced two motions. After inviting a response from the plaintiff, partial opposition to said motions was received on February 13, 2004.
A. Motion to Correct Clerical Mistakes in the Findings of Fact
1. The defendant accurately points out two areas of the findings of fact that require correction as they are clearly typographical in nature. First, at page 5, section B.1, the reference to August 1992 was intended and should read as August 2002, and with respect to this aspect of the defendant’s motion to correct, it is allowed, without opposition.
2. Secondly, at ¶107 of the findings of fact, the sentence referenced by the defendant should be corrected by insertion of the word “not,” so that it should read: “Ms. Burke testified that she did not raise the subject with Molloy because she did not want to make the meeting confrontational.” [Italicized for emphasis here.) With respect to this aspect of the defendant’s motion, it is, likewise allowed, without opposition.
3. With respect to the third subject of the defendant’s motion, seeking a deletion from the findings of fact of reference, on pages 79-80, to the total amount of bonuses accrued to the defendant between 1993 and 2001 in the amount of $751,668.00, the court does not concur with the moving party that such reference was a clerical error. It was a statement of fact as to the total amount of bonus accrued and, given the state of the evidence, it was clear that, while a substantial portion of the bonus figure was represented by one or more promissory notes, it was not entirely so. Moreover, it is likewise clear from the findings of fact (and the order for judgment) that to the extent that any bonus, paid or accrued, was based upon a sale of corporate assets, that such bonus, whether represented by a promissory note or not, was to be rescinded and voided. The evidence was not sufficiently detailed so as to allow the court to calculate the portion of the total bonus that was actually generated by sale of assets, and thus adopts the suggestion offered by the plaintiff in her opposition regarding submissions by the parties on this issue. However, it is not the intent of the court to reopen the evidentiary record.
B. Motion to Alter or Amend Judgment
This motion by the defendant Linda Varney, as trustee of the Donald Varney Trust, relates to the findings of fact and resultant portion of the order for judgment that required her to turn over to the plaintiff, free and clear of the trust, the 213 shares of the Milford National Bank that the defendant was holding on account of the plaintiff. While the matter was under *530 advisement, and since the trust contained, as its only asset, shares of the Milford National Bank, the defendant sold an amount of shares of the plaintiff and the two other trust beneficiaries to allow for payment of her trustee’s fees and expenses, and distributed 172 shares to each of the three beneficiaries, thus enabling her to wind up the affairs of the trust and be in a position to close the trust. The plaintiff objects to an alteration of the order for and the resultant judgment that deletes the requirement that the defendant distribute 213 shares to the plaintiff. As is undisputed in law, and which has been previously ruled, a trustee is entitled to receive a fee for her services and expenses. Had the trustee divested herself of these shares prior to trial in this manner, whether or not she herself acquired some of the shares as she apparently did here after the evidentiary record was closed, the judgment would have necessarily not included such an order of transfer. While the plaintiff may have had objection to the amount of the fees and expenses charged[2] and, given the wait, it may have been preferable for the trustee to await the outcome of this case prior to taking such unilateral action. However, it is now impossible for the defendant to comply entirely with paragraph 5 of the judgment. Consequently, the motion of the defendant to alter or amend judgment is allowed. The judgment entered herein shall therefore be amended by deletion of Paragraph 5 thereof.

The plaintiff as beneficiary, would have been entitled to receive, and in fact appears to have received notice of the trustee’s intentions regarding the sale of a portion of her shares for payment of trust expenses, and to challenge the trustee’s fees and expenses in the final accounting owed by the trust to the Probate Court; the record does not disclose whether the plaintiff filed any objections there. Moreover, the plaintiff could have sought additional relief in this court upon receipt of notice of the trustee’s intentions, again which the plaintiff appears not to have done. This amounts to waiver.